Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
       - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
       - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 04-13819 |
| ) | Jointly Administered |
| US AIRWAYS, INC., et al.,[1] ) | Chapter 11 |
| ) | Hon. Stephen S. Mitchell |
| Debtors. ) | |
| ) | |

**NOTE: THE FORM OF THE ORDER HAS BEEN MODIFIED BY THE COURT.**

**ORDER AUTHORIZING THE DEBTORS TO (A) ASSUME EXECUTORY
CONTRACTS RELATING TO CLEARINGHOUSE AGREEMENTS, ARC AGREEMENTS, BSP
AGREEMENTS, CARGO SETTLEMENT AGREEMENTS, UATP AGREEMENT, AND ATPCO
AGREEMENTS; AND (B) HONOR ALL OBLIGATIONS RELATED TO SUCH AGREEMENTS
AND RELATING TO THE BILATERAL INTERLINE AGREEMENTS, ALLIANCE
AGREEMENTS, CODE SHARE AGREEMENTS, GLOBAL DISTRIBUTION (RESERVATION)
SYSTEMS AGREEMENTS, SERVICE AGREEMENTS, TRAVEL AGENCY AGREEMENTS,
ONLINE SERVICES AGREEMENTS, DIVIDEND MILES AGREEMENTS, AND CARGO
<u>AGREEMENTS IN THE ORDINARY COURSE OF BUSINESS</u>**

---

[1] The Debtors are the following entities: US Airways, Inc., US Airways Group, Inc., PSA Airlines, Inc., Piedmont Airlines, Inc. and Material Services Company, Inc.

1

Upon the motion dated September 12, 2004 (the "Motion"),[2] wherein the Debtors and debtors-in-possession in the above-captioned cases moved this Court for an order pursuant to section 365(a) of the Bankruptcy Code (a) authorizing the Debtors to immediately assume the contracts set forth on <u>Exhibit B-1</u> attached hereto, and, (b) authorizing, but not directing, the Debtors to honor all the Prepetition Obligations in the ordinary course of business, and (c) modifying the automatic stay of section 362(a) of the Bankruptcy Code to the extent (but only to the extent) necessary to enable the Debtors and their counterparties to participate in routine billings and settlements in accordance with established industry practices under the Assumed Contracts and otherwise; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The contracts set forth on <u>Exhibit B-1</u> attached hereto are assumed by the Debtors under section 365 of the Bankruptcy Code effective as of the date of this Order (the "Assumed Contracts"), and the Debtors shall promptly cure any defaults (if any) under such contracts and shall honor all obligations relating to such contracts in the ordinary course of business.  The Debtors have provided adequate assurance of future performance under the Assumed Contracts as required under section 365(b) of the Bankruptcy Code, without requiring

any further action.  The Debtors shall give notice of this Order to the counterparties to the Assumed Contracts within three (3) business days of entry of this Order.

3. The Debtors are also authorized, but not directed, to continue honoring, performing, and exercising their respective rights and obligations (whether prepetition or postpetition) in the ordinary course of business and in accordance with the terms of the contracts from which the Prepetition Obligations arise in the ordinary course of business; <u>provided</u>, <u>however</u>, that such honoring, performing, or exercising of such rights and obligations shall not give rise to administrative claims solely as a result of the entry of this Order.

4. The automatic stay of section 362(a) of the Bankruptcy Code is hereby modified to the extent (but only to the extent) necessary to enable the counterparties to the Assumed Contracts, and the counterparties to the contracts from which the Prepetition Obligations arise, to participate in the routine billings and settlements in accordance with the terms of such contracts in the ordinary course of business.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6. Notwithstanding Rule 6006(d) of the Federal Rules of Bankruptcy Procedure, this Order shall take effect immediately upon entry.

7. The entry of this Order is conditional.  Any party-in-interest may object to the entry of this Order within ten (10) days after the date of entry, except that the United States Trustee and any statutory committee appointed in these cases shall have fifteen (15) days after the date of entry **or ten (10) days after the appointment of the committee, which is later,** to object.  If any such objection is timely filed, the objection shall be heard at the next regularly scheduled omnibus hearing date.  At the hearing, the Court may vacate this Order, modify it or make it final.  If no timely objection is filed, this Order shall become final at the conclusion of

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the

such objection period without further order of this Court. This Order shall remain in effect notwithstanding any objection until further order of this Court. The modification or vacation of this Order shall not impair any action taken pursuant to it prior to its modification or vacation.

Dated: Alexandria, Virginia
      September __, 2004

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
        - and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
        - and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

- and -


/s/ Lawrence E. Rifken
Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and
Debtors-in-Possession*

---

Motion.

# EXHIBIT B-1

1. IATA Standard Agreement for First and Final Interline Billing;

2. IATA Counterindemnity Agreement Governing BSP Membership;

3. IATA Clearing House Membership (Member of the Airlines Clearing House);

4. IATA Pro-Rate Agency Agreement;

5. Multilateral Interline Traffic Agreement – Passenger;

6. Multilateral Interline Traffic Agreement – Cargo Interline Traffic Participation;

7. Multilateral Interline Traffic Agreement – Passenger (MITA One-Way);

8. Interline Cargo Claims Agreement;

9. Multilateral Agreements for Passenger and Cargo Interline Service Charges – United States;

10. Amended and Restated Universal Air Travel Plan Participation Agreement;

11. IATA Currency Clearing Service;

12. All BSP regions to which US Airways is currently a participant;

13. All CASS regions to which US Airways is currently a participant;

14. Cargo Network Services Corp. Agreements;

15. The Air Traffic Conference Interline Traffic Agreement – Passenger;

16. The Air Traffic Conference Interline Air Cargo Procedures Agreement;

17. The International Air Transport Association Airlines Clearing House, Inc. Interclearing House Agreement;

18. The Agreement Relating to the Settlement of Interline Accounts through Airlines Clearing House, Inc.

19. ARC Carrier Services Agreement;

20. ARC Agent Reporting Agreement;

21. ARC Corporate Travel Department Reporting Agreement;

22. ATPCO Agreements.

\\FIN\216015