Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Jeffrey S. Bromme, Esq.
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202  (303) 863-1000
       - and -
555 Twelfth Street, NW
Washington, DC 20004  (202) 942-5000

Robert A. Siegel, Esq.
Tom A. Jerman, Esq.
O'Melveny & Myers LLP
1625 Eye Street N.W.
Washington, D.C.  20006
(202) 383-5300

Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| In re: ) | Case No. 04-13819 |
| ) | Jointly Administered |
| US AIRWAYS, INC., *et al*.,[1] ) | Chapter 11 |
| ) | Hon. Stephen S. Mitchell |
| Debtors. ) | |
| ) | |

**DEBTORS' OPPOSITION TO NON-PARTY INTERNATIONAL BROTHERHOOD
OF TEAMSTERS' MOTION FOR EXAMINATION OF DEBTOR PIEDMONT
AIRLINES AND PRODUCTION OF DOCUMENTS BY DEBTORS
<u>PIEDMONT AIRLINES AND US AIRWAYS, INC.</u>**

US Airways, Inc. ("US Airways") and Piedmont Airlines, Inc. ("Piedment"), Debtors

and debtors-in-possession in the above captioned cases (collectively, "Debtors"), hereby

file this objection to non-party International Brotherhood of Teamsters' ("IBT") Motion for

---

[1] The Debtors are the following entities: US Airways, Inc., US Airways Group, Inc., PSA Airlines, Inc., Piedmont Airlines, Inc. and Material Services Company, Inc.

Examination of Debtor Piedmont Airlines and Production of Documents By Debtors Piedmont Airlines and US Airways, Inc. (the "IBT Motion"), pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1 (the "Objection"). Debtors respectfully submit that IBT is not a party in interest in this case, and that it has not satisfied Rule 2004's requirements. Accordingly, the IBT Motion should be denied. In support of their Objection, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. IBT seeks discovery from Piedmont and US Airways, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"). The IBT Motion asserts only that "[t]he requested examination and documents relate to 'the acts, conduct, or property or the liabilities and financial condition' of the Debtors as well as to matters 'which may affect the administration of the Debtor[s'] estate[s],'" IBT Mot. at 2 (quoting Fed. R. Bankr. P. 2004), and does not provide any more specific justification for the request.

2. IBT is not entitled to Rule 2004 discovery because it is not a "party in interest," a threshold requirement for seeking Rule 2004 discovery. IBT has provided no basis for finding that it is a party in interest to the current bankruptcy proceedings; its motion is devoid of facts on the matter. Moreover, IBT does not represent any employees of the Debtors who have been asked to make concessions with regard to this bankruptcy and has been engaged in no discussions regarding the pending proceedings. For all these reasons, the Debtors submit that IBT is *not* a party in interest and therefore is not entitled to the requested discovery.

3. Not only does IBT fail to satisfy the "party in interest" requirement, its request should be denied in any event because it has not provided any explanation

whatsoever for why the information sought has been requested or why it is needed for any matter related to this bankruptcy proceeding. Its conclusory statement regarding the information it seeks to acquire merely repeats the language of Rule 2004 and fails to establish a basis for the requested discovery. The deficiencies in this filing, combined with the factual information set forth below, suggest, at the very least, that IBT lacks the necessary good cause for the requested discovery.

4. For these reasons, Debtors Piedmont and US Airways respectfully request that the Court deny the IBT Motion.

## STATEMENT OF FACTS

5. On September 12, 2004 (the "Petition Date"), the Debtors commenced these cases (the "Cases") by filing their respective voluntary petitions in this Court for reorganization relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases. The Court entered an order for joint administration of these Cases.

6. IBT seeks the examination and production of certain documents from US Airways and Piedmont. Specifically, as to US Airways, the union seeks:

> (1) All documents provided to USAirways, Inc. [sic] by America West Airlines concerning rates of pay, rules and working conditions for customer service representatives in the service of America West Airlines.

> (2) All documents containing information provided to USAirways, Inc. [sic] by America West Airlines concerning rates of pay, rules and working condition [sic] for customer service representatives in the service of America West Airlines.

See IBT Subpoena for Rule 2004 Examination of US Airways, Inc. ("IBT US Airways Subpoena").

7. IBT also seeks to have Piedmont submit to examination and produce documents. Specifically, IBT seeks all documents referring, relating to, or concerning: (1) "the hiring and recall of mechanics and related employees of Piedmont Airlines from January 2004 to the present;" (2) "the furlough of mechanics and related employees of Piedmont Airlines from January 2004 to the present;" (3) "the transfer of aircraft maintenance work between stations of Piedmont Airlines, the subcontracting of any aircraft maintenance work, and the closure of any stations in the Piedmont Airlines system from January 2004 to the present;" (4) "the transfer of aircraft from the former Allegheny Airlines to Piedmont Airlines;" and (5) "the return of aircraft to lessors by Piedmont Airlines." IBT Subpoena for Rule 2004 Examination of Piedmont Airlines. ("IBT Piedmont Subpoena").

8. IBT does not represent any employees of US Airways, Inc. IBT has served as the collective bargaining representative of certain employees of the former Allegheny Airlines, Inc. ("Allegheny"), which, until its merger with Piedmont on July 1, 2004, was a wholly owned subsidiary of US Airways and which operated, like Piedmont does now, as a US Airways Express carrier.

9. On September 16, 2004, the National Mediation Board ("NMB") determined that as a result of the merger, Piedmont and Allegheny "operate as a single transportation system." See In re Application of Int'l Bhd. of Teamsters, 31 NMB No. 110 (National Mediation Bd. Sept. 16, 2004) (attached as Exhibit A).[2] The legal effects of this ruling

---

[2] This exhibit can also be found online at www.nmb.gov/representation/deter2004/31n110.pdf (last visited 11/8/2004).

were (a) to merge the bargaining units of Piedmont with the counterpart bargaining units of the former Allegheny, see, e.g., American Airlines and Reno Air, 26 NMB 467 (1999) (combining crafts or classes of employees of two carriers into a single bargaining unit following single transportation system determination); Mountain Air Express and Air Wisconsin Airlines, 26 NMB 185 (1999) (same); AirTran Airways and AirTran Airlines, 25 NMB 429 (1998) (same), and (b) to order a union representation election for the bargaining units represented at Allegheny by the IBT, see Exhibit B.[3]

10.     Pursuant to the NMB's decision, a representation election among Allegheny/Piedmont's Fleet and Passenger Service Employees class is currently underway. The election will be completed on December 6, 2004. See Exhibit B.

11.     IBT has formed an alliance with the Communications Workers of America ("CWA"), which is known as the IBT-CWA Piedmont Customer Service Employees Alliance (the "IBT-CWA Alliance"). The IBT-CWA Alliance has stated its intent to participate in any "representation election among the [Allegheny/Piedmont] Fleet and Passenger Service Employees craft or class." Exhibit A at 529.

12.     Even though Piedmont is a Debtor in these proceedings, it has made no request for concessions from IBT related to the pending bankruptcy. Moreover, no motion is pending which directly affects the employees represented by IBT.

## ARGUMENT

A.  IBT's Examination And Production Requests Are Precluded By Rule 2004 As It Is Not A "Party In Interest"

---

[3] This exhibit can also be found online at www.teamster.org/divisions/airline/allegpied_electiondates.pdf (last visited 11/8/2004).

- 5 -

13.  The IBT Motion should be denied because it is not a "party in interest" under Rule 2004.  Fed. R. Bankr. P. 2004(a).  The IBT Motion does not allege that IBT is a "party in interest," and is devoid of any facts from which such status could be derived.

14.  "Party-in-interest is not a defined term," In re Kreiss, 46 B.R. 164, 165 (Bankr. E.D.N.Y. 1985), at least not in Rule 2004 itself.  Courts have looked for guidance to section 1109 of the Bankruptcy Code, 11 U.S.C. § 1109, which defines the term in the context of setting out who may be heard in a chapter 11 case.  The statute provides that a "party in interest" in that context "includes 'the debtor, the trustee, a creditors' committee, an equity security holder's committee, a creditor, an equity security holder, or any indenture trustee. . .'" In re Summit Corp., 891 F.2d 1, 10 (1st Cir. 1989) (quoting 11 U.S.C. § 1109(b)).  In the section 1109 context, the term "party in interest" is "construed . . . liberally," and courts have applied "[a] similar common sense interpretation . . . under Rule 2004." Id. at 11.[4]

15.  Even applying a liberal approach to the "party in interest" analysis, there is *no* basis for finding that IBT constitutes a party in interest for purposes of Rule 2004.  Neither IBT nor the employees it represents have been asked to make any concessions in connection with this bankruptcy, nor has IBT participated in these proceedings prior to the filing of its motion.  Moreover, in its filing, IBT provides no basis for concluding that it has an interest in this case.  Accordingly, because IBT is not a "party in interest," it is not entitled to the discovery it seeks.

---

[4] Other courts have defined parties in interest to be "those persons whose rights or interests are *directly* and adversely affected pecuniarily." In re Interpictures, Inc., 86 B.R. 24, 27 (Bankr. E.D.N.Y. 1988) (quoting In re Dein Host, Inc., 835 F.2d 402, 405 (1st Cir. 1987)) (internal quotation marks omitted, emphasis added).

> B.     <u>IBT's Motion Fails To Satisfy Rule 2004's Balancing
> And Good Cause Tests</u>

16. Even if this Court were to find that IBT is a "party in interest" for purposes of its Rule 2004 motion, IBT has failed to establish – or even attempt to establish – that the production it seeks is for a legitimate purpose.

17. Despite the breadth of discovery permitted under Rule 2004, "there are important limits to the scope of an examination taken pursuant to Rule 2004." <u>In re Coffee Cupboard, Inc.</u>, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing <u>In re Cinderella Clothing Indus., Inc.</u>, 93 B.R. 373 (Bankr. E.D. Pa. 1988)). Such examinations "should only be used for the legitimate purpose of obtaining information relating to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's right to a discharge.'" <u>Id</u>. (quoting Fed. R. Bankr. P. 2004). Moreover, Rule 2004 discovery should not be undertaken as part of an effort to "annoy, embarrass or oppress the party being examined." <u>Id.</u> (quoting <u>In re Drexel Burnham Lambert Group, Inc.</u>, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991)); <u>see also</u> <u>In re Symington</u>, 209 B.R. 678, 685 (Bankr. D. Md. 1997).

18. In order to determine whether or not discovery should be granted under Rule 2004, courts employ a balancing test, examining "the competing interests of the parties, [by] weighing the relevance of and necessity of the information sought by examination." <u>In re Drexel Burnham Lambert Group, Inc.</u>, 123 B.R. at 712. <u>See also</u> <u>In re Coffee Cupboard, Inc.</u>, 128 B.R. at 514; <u>In re Kreiss</u>, 46 B.R. at 165 (also considering "the extent of inconvenience and intrusion to the witness"). Moreover, courts impose on

> [t]he one seeking to conduct a 2004 examination . . . the
> burden of showing good cause for the examination which it
> seeks. Generally, good cause requires a showing that the
> examination sought is necessary to establish the claim of
> the party seeking the examination, or the denial of such

> request would cause the proposed examiner undue hardship or injustice.

In re Express One Int'l, Inc., 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (internal citations and quotation marks omitted).  See also In re Coffee Cupboard, Inc., 128 B.R. at 514; In re Drexel Burnham Lambert Group, Inc., 123 B.R. at 712.

19. IBT has provided no basis for the granting of the requested discovery, and consequently has failed to meet its burden of establishing the appropriateness of Rule 2004 discovery.  The IBT Motion contains only a conclusory statement, quoting the language of the rule, that the information sought relates to the Debtors' financial condition and the administration of their estates.  IBT Mot. at 2.  This statement is clearly insufficient to establish IBT's need and interest in the discovery sought, and the Debtors have no basis for discerning this essential information.  This deficiency begs the question of why this discovery is sought by IBT and strongly suggests that the reason does not constitute "good cause."

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, based on the foregoing, the Debtors respectfully request that this Court (i) deny the IBT Motion; (ii) quash the subpoenas issued to Debtors Piedmont Airlines, Inc. and US Airways, Inc; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: McLean, Virginia
      November 8, 2004

Respectfully submitted,

Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Jeffrey S. Bromme, Esq.
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202  (303) 863-1000
    - and -
555 Twelfth Street, NW
Washington, DC 20004  (202) 942-5000

- and -

Robert A. Siegel, Esq.
Tom A. Jerman, Esq.
O'Melveny & Myers LLP
1625 Eye Street N.W.
Washington, D.C.  20006
(202) 383-5300

- and -

/s/ Douglas M. Foley
Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia  22102-4215
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

\\FIN\223293.1