UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| US AIRWAYS, INC., *et al.* ) | Case No. 04-13819-SSM |
| ) | Chapter 11 (Jointly Administered) |
| Debtors ) | |

**MEMORANDUM OPINION AND ORDER
DISALLOWING CLAIM NO. 6215
FILED BY WILLIAM A. COWARD**

Before the court is the objection of William A. Coward to the entry of an order disallowing his late-filed claim. A hearing was held on December 15, 2005, with Mr. Coward participating by telephone and representing himself. For the reasons stated, the court concludes that the claim must be disallowed.

<u>Background</u>

Mr. Coward is a retired employee of U.S. Airways, Inc. ("the debtor" or "US Airways"). Together with its parent holding company and several affiliates, US Airways (then the seventh largest airline in the United States) filed a petition for reorganization under chapter 11 of the Bankruptcy Code in this court on September 12, 2004. This was the company's second chapter 11 filing. It had previously filed a chapter 11 petition in this court on August 11, 2002, and a plan was confirmed in that case on March 18, 2003.

In the present case, the court entered an order on September 15, 2004, establishing a claims bar date of February 3, 2005, for creditors other than governmental units. Notice of the bar date was included in the notice of commencement of the case as well as in a separate

1

notice of claims bar date. The bar date order required that actual notice by mail be provided to all persons known to have claims against the debtor. Additionally, the court directed the debtors to give notice to all unknown creditors by publication in *The New York Times* (national edition), *The Wall Street Journal* (national and European editions), and *USA Today* (worldwide).

The debtor represents that Mr. Coward was mailed the notice of commencement of case but concedes that he was not mailed the separate notice of claims bar date. Although the claims bar date is set forth in both notices, it is much less prominent in the notice of commencement of case, which includes a great deal of other information competing for the reader's attention. In any event, Mr. Coward did not file a proof of claim prior to the bar date. A joint plan of reorganization for the debtors was confirmed on September 16, 2005. On November 7, 2005, Mr. Coward filed a proof of claim (Claim No. 6215)[1] in the amount of "$5,000/YR SINCE BANKRUPTCY FILED" as well as retiree benefits from "1ST DATE OF BANKRUPTCY" to "DATE ➜." The stated basis for the claim is "TOP HAT PAY AS PER CONTRACT!! HAVE NOT PAID A DIME SINCE FIRST BANKRUPTCY." On November 15, 2005, the debtors filed a motion asking the court to confirm the disallowance of late-filed proofs of claims, including Mr. Coward's claim. Mr. Coward filed a response objecting to the motion as it applied to his claim.[2] In his response,

---

[1] Although it is not altogether clear from the record, Mr. Coward may have sent some document to the claims agent prior to that date which resulted in his being sent a claim form that was then filed on the date stated.

[2] The particulars of Mr. Coward's claim are difficult to determine from examination of the proof of claim itself and unfortunately were not made much clearer at the hearing. Mr.
(continued...)

Mr. Coward claims that the applicable bar date for his claim was October 31, 2005 — which is the bar date for damage claims resulting from the debtor's rejection of executory contracts.

## Discussion

This court has recently had occasion to explore the issue of late-filed claims in connection with a motion brought by another creditor in this case. *In re US Airways, Inc.*, No. 04-13819-SSM (Bankr. E.D.Va., November 21, 2005), *available at* http://www.vaeb.uscourts.gov/opinions/ssm/usairways%2004-13819%2011-21-2005.pdf. As explained in that opinion:

> Except for certain scheduled claims that are "deemed" filed, a creditor must file a proof of claim by the claims bar date in order to receive a distribution in a chapter 11 case. Fed. R. Bankr. P. 3002(c). This is subject to two qualifications. First, the creditor must have been provided with constitutionally adequate notice of the claims bar date. *City of New York v. N.Y, New Haven & Hartford R. Co*., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). And second, even when notice is adequate, the court may allow a late proof of claim upon a proper showing of excusable neglect. *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

---

[2](...continued)
Coward is a retired pilot who was a beneficiary of a tax-qualified retirement plan supplemented by a non-qualified, so-called "Top Hat" plan. The debtor, with court approval, terminated the pilots' pension plan in the first case. *See In re US Airways Group, Inc.*, 296 B.R. 734 (Bankr. E.D. Va. 2003). As a result, the qualified pension plan was taken over by the Pension Benefit Guaranty Corporation ("PBGC"), which is responsible for payment of the promised benefits up to a certain amount. Any claim for benefits above the amount to be paid by the PBGC would have been discharged in the first chapter 11 case. Mr. Coward refers, however, to a "side letter" that he says entitled him to additional benefits and that was used as an inducement for him to retire at age 55. In any event, since the reorganized debtor seeks disallowance solely based on the late filing of the claim, the court need not reach the underlying merits.

*Id.* at 3-4. The question before the court, therefore, is whether Mr. Alexander received constitutionally adequate notice of the bar date, and, even if he did, whether a late filing should nevertheless be allowed based on excusable neglect.

I.

With respect to the issue of notice, due process requires that a known creditor be provided with actual notice of all important steps in the proceedings. A "known" creditor is a party whose claim is sufficiently choate and grounded in fact and law that it necessarily must be removed from the realm of mere speculation and conjecture. To have a known claim — at least in those circumstances in which the existence of a claim would not otherwise be obvious from the surrounding circumstances — a creditor must generally provide the debtor with some communication that reasonably apprises the debtor of the basis for the claim and the creditor's intent to hold the debtor liable for it. A creditor who does not meet this test is not considered a "known" creditor and may be given constructive notice of the claims bar date by, for example, newspaper publication. *Id.* at 10-11.

In the context of the present case, the court is unable to conclude that Mr. Coward was a known creditor of US Airways at the time notice of the claims bar date was given. As explained in the court's prior opinion, the debtor is not required to broadly speculate as to the existence of all potential claims. Put simply, there is nothing in the nature of Mr. Coward's claim to suggest that US Airways should have known that he was asserting a right

                            Document      Page 5 of 9

to payment based on breach of some contractual obligation that either survived or arose subsequent to the first chapter 11 case.[3]

Since Mr. Coward was not a known creditor, constructive notice by newspaper publication is sufficient to satisfy due process concerns. *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988); *New York,* 344 U.S. at 296, 73 S.Ct. at 301. In the present case, the debtors published notice of the claims bar date in *The Wall Street Journal*, *The New York Times*, and *USA Today*. This court finds that such notice was reasonably calculated under the circumstances to apprise unknown creditors such as Mr. Coward of the existence of the applicable bar date and to afford him an opportunity to present his claims.

II.

Even when notice satisfies constitutional requirements, a creditor who does not receive actual notice — or who receives it but for some reason does not timely act upon it — may seek leave to file a late claim based on "excusable neglect." The time for filing claims in a chapter 11 case is set by the court. Fed. R. Bankr. P. 3003(c)(3); *see In re Best Products Co.,* 140 B.R. at 359 (characterizing the bar date as a court-imposed statute of limitations). However, under Federal Rule of Bankruptcy Procedure 9006(b)(1), "if a party moves for permission to act after having missed a deadline, the court 'may at any time in its discretion ... permit the

---

[3] Even if Mr. Coward were held to be a known creditor, he would have had actual notice of the claims bar date as a result of being mailed the notice of commencement of case. Although the Supreme Court has held that the inclusion of the bar date in the notice of commencement of case rather than in a separate bar date notice supported a finding of excusable neglect, *see Pioneer*, 507 U.S. at 397–99, 113 S.Ct. at 1499–1500, the Court has never held that the failure to provide a bar date notice separate from the notice of commencement of the case fails to comport with Constitutional due process requirements.

act to be done where the failure to act was the result of excusable neglect.'" *Pioneer,* 507 U.S. at 399, 113 S.Ct. at 1500.

As the Supreme Court has explained, the determination of what constitutes excusable neglect is largely an equitable one, requiring courts to take into account all relevant circumstances surrounding a party's failure to file a proof of claim prior to the bar date. *Pioneer,* 507 U.S. at 394–95, 113 S.Ct. at 1498. The factors that must be weighed include (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant and; (4) whether the movant acted in good faith. *Id.* The burden of proving excusable neglect is on the creditor seeking to extend the bar date. *In re Nutri\*Bevco,* 117 B.R. 771, 781 (Bankr. S.D.N.Y. 1990). Additionally, it has been held that "'excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir. 1996).

Here, Mr. Coward fails to show facts that would establish excusable neglect. First, and perhaps most important, Mr. Coward does not really explain why he did not file his claim prior to the bar date or why his failure to do so was not the result of circumstances that were reasonably within his control. Ignorance of the bankruptcy proceedings or of the nature of one's claim is ordinarily not sufficient to establish excusable neglect. It does not appear from the record that Mr. Coward was a party to an executory contract.[4] However,

---

[4] The term "executory contract" is not defined by the Bankruptcy Code. However, most courts, including the Fourth Circuit, have adopted the definition first articulated by Professor Vern Countryman: "A contract under which the obligations of *both* the bankrupt and the other party to the contract are so far unperformed that the failure of *either* to complete the

(continued...)

6

even if he were, his proof of claim was still filed a week after the executory contract bar date had passed.[5]  Additionally, as explained in the court's prior opinion, the late filing of claims in a reorganization case — particularly where the claim is filed *after* the plan of reorganization is confirmed — adversely impacts the efficient administration of the case. More than 6,300 claims aggregating some $40.5 *billion* have been filed in this case.  Of these, the debtor has objected to 149 claims totaling $18.1 million as having been filed after the claims bar date.  Even though there is no evidence that Mr. Coward acted in bad faith, to allow the late filing of a claim — at least in the absence of rather compelling circumstances — would be contrary to the sound administration of a reorganization case of this magnitude.[6]

---

[4](...continued)
performance would constitute a material breach excusing the performance of the other." Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn.L.Rev. 439 (1973) (emphasis added).  *See Lubrizol Enters., Inc.  v. Richmond Metal Finishers, Inc.,* 756 F.2d 1043, 1045 (4th Cir. 1985)(explaining that "a contract is executory if performance is due to some extent on both sides").  As the court understands Mr. Coward's claim, he had retired prior to the filing of the present case.  Since no further performance was required by him, whatever contract may have existed was no longer executory.  *See Stewart Foods, Inc. v. Broecker (In re Stewart Foods, Inc.)*, 64 F.3d 141 (4th Cir. 1995) (finding payments due former president under "Salary Continuation Agreement" was simply a claim in the corporation's bankruptcy, not an executory contract, since the former president had no duties).

[5]  The rejection of an executory contract operates as a breach, with any claim for damages from the breach treated as a prepetition claim.  § 502(g)(1), Bankruptcy Code.  A proof of claim for damages arising from the rejection of an executory contract must be filed "within such time as the court may direct."  Fed. R. Bankr. P. 3002(c)(4), as incorporated by Fed. R. Bankr. P. 3003(c)(3).  That time ordinarily cannot be less than 30 days from notice of rejection and the need to file a claim.  Fed. R. Bankr. P. 2002(a)(7).  The rejection bar date in this case was fixed by the court at October 31, 2005.

[6]  Except for a convenience class of claims less than $50,000, allowed unsecured claims receive no monetary distribution under the confirmed plan in this case but rather a pro rata
(continued...)

Conclusion

Based on the facts of this case, the court finds that US Airways provided Mr. Coward with constitutionally sufficient notice of the bar dates. The court also finds that Mr. Coward has failed to demonstrate that his late-filed claim should be allowed based on excusable neglect. It is, accordingly,

**ORDERED:**

1. The reorganized debtors' motion (Doc. #3448) to disallow late-filed claims is granted with respect to Claim No. 6215 filed by William A. Coward, and the claim is disallowed as having been filed after the claims bar date.

2. Mr. Coward is advised that an appeal lies from this order to the United States District Court for the Eastern District of Virginia. Except as provided in Rules 8002(b) and (c), Federal Rules of Bankruptcy Procedure, any notice of appeal must be filed with the clerk of this court within **10 days** of the entry of this order. The filing fee for a notice of appeal is $255.00.

3. The clerk shall mail a copy of this memorandum opinion and order, or give electronic notice of its entry, to the parties listed below.

Date: _____            _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

---

[6](...continued)
distribution of stock in the reorganized debtor. Unresolved claims necessitate the creation of a reserve, which in turn delays a final distribution to creditors with allowed claims.

Copies to:

William A. Coward
684 Warbler Ln.
Corvallis, MT 59828
Creditor

Douglas M. Foley, Esquire
McGuireWoods, LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA  23510
Local counsel for the reorganized debtor

Malcolm Mitchell, Esquire
Vorys, Sater, Seymour & Pease, L.L.P.
277 South Washington Street, Suite 310
Alexandria, VA  22314
Local counsel for the Official Committee of Unsecured Creditors

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314