UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     US AIRWAYS, INC., *et al.* ) | Case No. 04-13819-SSM |
| ) | Chapter 11 (Jointly Administered) |
|                        Debtors ) | |
| ) | |
| DAVY MERRITT ) | |
| ) | |
|                        Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| PIEDMONT AIRLINES, INC. ) | |
| ) | |
|                        Respondent ) | |

**MEMORANDUM OPINION**

A hearing was held in open court on July 20, 2006, on the motion of Davy Merritt to reconsider the stipulation and consent order of September 22, 2005, resolving his motion for relief from the automatic stay. The motion for relief from stay related to an appeal Piedmont Airlines, Inc., one of the debtors in these jointly-administered cases, had taken from an order of an administrative law judge that, among other relief, had ordered Captain Merritt's reinstatement as an airline pilot. There is no dispute that the stipulation and consent order—which fully settled and resolved only the monetary award in favor of Captain Merritt— contemplated that the appeal would be withdrawn and that the administrative law judge's ruling on reinstatement would become the final agency decision. As a result, however, either of inartful pleading by the debtor or a misunderstanding by the administrative review board, or both, what was dismissed

1

was not the appeal but the complaint, leaving in doubt whether there is a final agency decision on reinstatement that can be enforced.  Although the debtor contends that the administrative law judge's ruling is a final agency decision that has not been vacated and that can be enforced—subject, obviously, to any legal and factual defenses other than the lack of a final agency decision—the court concludes that any residual doubt on that point should be removed by requiring the debtor to join with Captain Merritt in requesting the administrative review board to amend the dismissal order to dismiss only the appeal and not the complaint.  The other relief requested by Captain Merritt— that the monetary settlement be set aside and that the debtor or its labor attorneys be held in contempt—will be denied.

Background

Piedmont Airlines, Inc. ("Piedmont"), is a subsidiary of US Airways Group, Inc., and an affiliate of US Airways ("US Airways").  On September 12, 2004, US Airways, together Piedmont, other affiliates, and the parent holding company, filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code.  A Joint Reorganization Plan was confirmed on September 16, 2005.

Prior to the petition date, Captain Davy G. Merritt had been a pilot with Allegheny Airlines, Inc. ("Allegheny"), which subsequently merged with Piedmont.  Allegheny had terminated Captain Merritt's employment on June 6, 2003.  Soon thereafter, Captain Merritt filed a complaint against Allegheny with the Department Of Labor, Occupational Health and Safety Administration ("OSHA"), alleging that he was wrongfully terminated for engaging in an activity protected under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121.  The basis of Captain Merritt's OSHA claim was that he was

terminated for refusing to fly an extension flight after informing his supervisor that he would be too tired to do so.  Administrative Law Judge Michael P. Lesniak found in Captain Merritt's favor on February 8, 2005, and ordered Piedmont to reinstate Captain Merritt and to pay back pay damages of $18,027.44 and attorney's fees of $46,030.50.  Subsequent to Judge Lesniak's order, Piedmont reemployed Captain Merritt—although, Captain Merritt says, not on the same terms and conditions[1]—and filed an appeal to the Department of Labor's Administrative Review Board.

On July 25, 2005, Captain Merritt filed a motion in this Court seeking, among other relief, termination of the automatic stay to allow Piedmont's appeal to the Administrative Review Board to proceed.  Following a hearing on August 18, 2005—at which the broad terms of a settlement were discussed—a stipulation and consent order, signed by the debtor and by Captain Merit, was entered by this court on September 22, 2005.  The stipulation and consent order provided that Piedmont "would withdraw the Appeal of the Administrative Order without any admission of liability thereunder, and Mr. Merritt shall consent to such withdrawal of the Appeal, such that the Administrative Order shall become a final order." (Stipulation and Consent Order ¶ 4.)    It further provided for a settlement of the monetary award to Captain Merritt by Judge Lesniak's amended order of March 28, 2005.  Captain Merritt's claim of $64,057.94 would be reduced to $50,000, and allowed as an unsecured convenience class claim.[2]

---

[1] Specifically, Captain Merritt asserts that Piedmont (1) refused to honor his seniority or to allow him to return back to work in another division of the airline as permitted under the collective bargaining agreement and (2) required him to undergo "useless, lengthy 'new hire' training."  Reply to Debtors Objection and Response ¶ 2.

[2] Under the confirmed plan, allowed unsecured claims of more than $50,000 would not be
(continued...)

3

The order finally provided that the automatic stay in the debtor's bankruptcy proceeding would be modified to allow Captain Merritt to pursue any non-monetary claims he might have under the administrative order.

In the interim, Captain Merritt had been granted leave under the Family and Medical Leave Act (FMLA) in May 2005. In August of 2005, Piedmont terminated Captain Merritt's employment a second time, alleging that Captain Merritt had not returned for work in a timely manner at the end of his FMLA leave.

On October 11, 2005, Piedmont's attorneys submitted to the Administrative Review Board a Notice of Withdrawal of Appeal or Request for Approval of Resolution. The notice began by requesting that the Board "effect the withdrawal of the petition for appeal" or, "in the alternative," that it "approve the resolution reached by the parties in this matter." In the final paragraph, however, there was no language concerning withdrawal of the appeal, and the request to the Board was simply that "this *matter* be dismissed under the terms of the Stipulation and Consent Order Resolving the Motion for Relief from Automatic Stay . . . " (Resp. Notice of Withdrawal of Appeal ¶ 2.) (emphasis added). The record does not reflect that a copy of the notice was mailed to Captain Merritt. In any event, upon receiving the notice, the Board issued an order on October 28, 2005, dismissing Captain Merritt's complaint. When this court inquired

---

[2](...continued)
paid in cash but would receive a pro rata share of a pool of stock in the reorganized debtor. The value of the distribution would depend both on the market value of the shares and on the amount of unsecured claims ultimately allowed, with the estimated recovery being between 6.8 cents and 10 cents on the dollar. Second Amended Disclosure Statement at v. Claims of $50,000.00 or less, and claims voluntarily reduced to $50,000.00, were separately classified into a "convenience class" and would be paid in cash at 10 cents on the dollar.

4

of Captain Merritt why he had not immediately sought reconsideration from the Board, he stated that he did not recall receiving a copy of the order at the time.

Prior to the Administrative Review Board's dismissal of the complaint, Captain Merritt had sent a letter to Judge Lesniak on October 17, 2005, requesting enforcement of the order of March 28, 2005. Judge Lesniak declined to enforce the order, finding that he did not have jurisdiction under 49 U.S.C. § 42121(b)(6), which restricts enforcement of the order to the appropriate United States District Court.

In May of 2006, Captain Merritt filed the motion for reconsideration that is currently before this court. In the motion, Captain Merritt asks the court to order the debtor to file a motion with the administrative review board to amend the order dismissing the complaint. Captain Merritt also asks this Court to set aside the monetary settlement and to hold Piedmont and its attorneys in contempt of this court for willfully misrepresenting the terms of the stipulation and consent order to the Administrative Review Board.

Discussion

The dispute in this case turns on (1) whether Piedmont, through its attorneys, misrepresented the meaning of the stipulation and consent order to the Administrative Review Board; and (2) if so, whether the Piedmont or its attorneys should be held in contempt of this court for doing so.

**I.** *The Notice of Withdrawal*

There is no disagreement between the parties that the stipulation and consent order did not contemplate the withdrawal by Captain Merritt of his complaint, but rather the withdrawal by Piedmont of its appeal to the Administrative Review Board. Indeed, the stipulation and consent

order expressly states that "[i]n resolution of the Motion, the Debtors will withdraw the Appeal of the Administrative Order, without any admission of liability thereunder, and Mr. Merritt shall consent to such withdrawal of the Appeal, *such that the Administrative Order shall become a final order.*" (Stipulation and Consent Order ¶ 4) (emphasis added). The actual order entered by the Board, however, appears to dismiss not merely the appeal, but also the underlying complaint.[3]

In the present motion, Captain Merritt alleges that the attorneys representing Piedmont before the Administrative Review Board either "could have found the true meaning of the Stipulation and Consent order, or in the alternative, knew the creditor's intent and using trickery, conspired . . . to design the Stipulation and Consent Order to mean something other than the true intent of the creditor." (Motion ¶ 9.)  The only evidence offered by Captain Merritt in support of that allegation, however, is the text of the Notice of Withdrawal of Appeal or Request for Approval of Resolution Piedmont's attorneys filed with the Administrative Review Board. The notice, while perhaps sloppily drafted, nevertheless cannot carry the weight Captain Merritt ascribes to it. It is true that the notice, while first requesting the Board "to effect the withdrawal" of the petition for review, then alternatively asks the Board "to approve the resolution reached by the parties." It is also true that the notice did not expressly state that only the monetary claims had been "resolved." However, a copy of the stipulation and consent order was attached and clearly reflected that only the monetary claim, and not the reinstatement claim, was being settled. It is certainly unfortunate that the Notice of Withdrawal then went on to request that "this *matter*

---

[3] The Board's order is not consistent in the language it employs. The title describes it as an order "dismissing complaint," while the decretal paragraph dismisses "the matter," albeit "under the terms of the Stipulation and Consent Order."

be dismissed" (emphasis added).  Read in the full context of the stipulation and consent order, "matter" would most naturally be construed as meaning the petition for appeal.  But "matter" might also mean—and it appears that the Board construed it as meaning—Captain Merritt's complaint.

Be that as it may, the court is unable to find that the attorneys for Piedmont set out to confuse or deceive the Administrative Review Board.  At most, the record shows only a lack of care in describing what was settled.  As previously noted, Piedmont does not contend that Judge Lesniak's ruling is not a final agency decision or is incapable of being enforced.  Indeed, since the stipulation and consent order specifically provided that Judge Lesniak's order would be the "final agency decision," the Board's order dismissing "the matter ... *under the terms*" (emphasis added) of the stipulation and consent order can plausibly be read as leaving Judge Lesniak's order intact.  That, at least, is the interpretation Piedmont puts on the Board's order.  At the same time, even if Piedmont did not assert—in response to any enforcement action Captain Merritt might file—that there was no order to be enforced, the district court in which an enforcement action was filed might well raise the issue *sua sponte* if provided with a copy of the agency record, since subject matter jurisdiction cannot be conferred by consent, and without a final agency decision it is questionable whether a United States District Court would have anything to enforce.  For that reason, the court will require Piedmont to join with Captain Merritt in petitioning the Administrative Review Board to amend the order of dismissal to clearly reflect that only the appeal (and any monetary claim resolved by the consent order) were being dismissed.

**II.** *Motion for Contempt and Setting Aside the Settlement of the Monetary Claim*

A bankruptcy court has civil contempt powers to carry out the provisions of the Bankruptcy Code. *Burd v. Walters*, 868 F.2d 665 (4th Cir. 1989). To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge of such violations; and (4) . . . that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000); *JTH Tax, Inc. v. H&R Block Eastern Tax Services, Inc.*, 359 F.3d 699, 705 (4th Cir. 2004). In the present case, it is clear that the debtor had knowledge of the stipulation and consent order. It is also clear that, so far as it provided for Judge Lesniak's order to be the final agency decision, the stipulation and consent order was in Captain Merritt's favor. Nevertheless, for the reasons already stated, the court is unable to find, even by a preponderance of the evidence, let alone by clear and convincing evidence, that Piedmont violated the consent order by intentionally tricking the Administrative Review Board into dismissing the complaint rather than the appeal.

**III.  Conclusion**

For the foregoing reasons, the Court will require the debtor to file with Captain Merritt a joint motion or petition to the Administrative Review Board requesting that the order dismissing Captain Merritt's complaint be amended to dismiss only the appeal and not the complaint itself.

The request for a finding of civil contempt and to set aside the monetary settlement will be denied. A separate order will be entered consistent with this opinion.

Date: _____   _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Davy G. Merritt
324 Grand Circle
Caledonia, NY 14423
Movant *pro se*

Douglas M. Foley, Esquire
McGuireWoods, LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
Local counsel for the reorganized debtor

Malcolm Mitchell, Esquire
Vorys, Sater, Seymour & Pease, L.L.P.
277 South Washington Street, Suite 310
Alexandria, VA 22314
Local counsel for the Official Committee of Unsecured Creditors

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314