UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| US AIRWAYS, INC., *et al.* ) | Case No. 04-13819-SSM |
| ) | Chapter 11 (Jointly Administered) |
| Debtors ) | |

**MEMORANDUM OPINION**

Before the court are (a) the motion (Doc. # 5078) of the reorganized debtor, US Airways, Inc., for an order disallowing the remaining claim of Fougere Holcombe as a sanction for her failure to comply with an order compelling discovery; and (b) Ms. Holcombe's motion (Doc. # 5098) to continue the hearing on the motion.[1]  A hearing was held on June 1, 2011.  Ms. Holcombe was not present.  Upon consideration of the motion papers, as well as the oral argument presented at the hearing by counsel for the reorganized debtor, the court denies the motion for continuance and grants the motion for sanctions.

Background

The prior history of Ms. Holcombe's $60 million-plus claim against U.S. Airways for discrimination under the Americans with Disabilities Act ("ADA") is set forth in detail in two opinions of this court and one of the U.S. Court of Appeals for the Fourth Circuit.  *In re US Airways, Inc.*, 365 B.R. 624 (Bankr. E.D. Va. 2007); *Holcombe v. US Airways, Inc.,* 369 Fed.Appx. 424 (4th Cir. 2010); *In re US Airways, Inc.,* 445 B.R. 566 (Bankr. E.D. Va. 2011).

---

[1]  Ms. Holcombe had earlier filed a request (Doc. # 5090) for a stay of the proceedings pending a ruling by the United States District Court on her motion to withdraw the reference and transfer venue.  That request has been denied by a separate order.

1

Briefly, Ms. Holcombe worked for US Airways as a fleet service agent from 1992 to 2003, when she was placed on medical leave until her employment was terminated in 2006. US Airways filed its first chapter 11 case in this court in 2002. Ms. Holcombe did not file a proof of claim or request for payment an administrative expense in that case, which culminated in confirmation of a plan of reorganization on March 18, 2003. Thereafter, Ms. Holcombe filed suit against US Airways under the ADA in the United States District Court for the Eastern District of New York. That suit was stayed by the company's second chapter 11 filing (the present case) in 2004.

Ms. Holcombe filed a timely proof of claim in the amount of $60,475,000 for employment discrimination under the ADA. The company objected to the claim, and on motion for summary judgment, this court ruled that because Ms. Holcombe's claim had its genesis in events occurring prior to confirmation of the plan in the first chapter 11 case, it had been discharged and was therefore not allowable in the present case. That ruling was affirmed by the District Court and was largely affirmed by the Fourth Circuit, but was reversed and remanded for consideration of any claim for discrimination arising after the confirmation hearing date in the first case. Specifically, the Court held that "any claim arising from allegedly discriminatory acts by US Airways occurring after March 18, 2003 were not discharged by the Plan of [*sic*] confirmation" and that "if US Airways failed to select Holcombe for jobs for which she applied after March 18, 2003, such a claim has not been discharged." 369 Fed.Appx. at 428.

After the matter was remanded to this court, the debtor moved to dismiss the remaining claim as equitably moot, while Ms. Holcombe moved to revisit the original denial of her claim. Both motions were denied, and the court set an evidentiary hearing to resolve the specific issue specified by the Fourth Circuit, namely whether US Airways unjustifiably failed to select

2

Holcombe for jobs for which she was qualified after March 18, 2003, in violation of the ADA. The court allowed additional discovery limited to that issue and set a discovery cutoff date of May 16, 2011, a due date for summary judgment motions of May 23, 2011, and the evidentiary hearing itself for June 20, 2011.

US Airways served discovery requests on Ms. Holcombe and noticed a deposition of her to be taken in New York, where she resides.  After the attorney who is representing her in the Eastern District of New York advised US Airways' attorney that the discovery would not be provided,[2] US Airways filed a motion to compel discovery, which was heard on May 3, 2011. Ms. Holcombe appeared telephonically.  In response to the motion to compel, Ms. Holcombe had filed a motion to disqualify counsel for US Airways and an opposition to the motion to compel discovery and a cross-motion to dismiss for lack of subject-matter jurisdiction.  At the hearing, the court rejected as frivolous Ms. Holcombe's assertion that this court lacked subject-matter jurisdiction to resolve the remaining issues with respect to the claim she filed in this case, and the court granted the motion to compel.  An order was entered on May 5, 2011, compelling Ms. Holcombe to respond to the interrogatories and document requests by May 12, 2011, and to

---

[2]  Although Ms. Holcombe is nominally representing herself in this court, it is clear that the numerous pleadings she has filed have been ghost-written by attorney Vladimir Matsiborchuk, who is representing her in the Eastern District of New York, and represented her on her appeal before the United States District Court and the United States Court of Appeals for the Fourth Circuit.  In a letter to US Airways' attorneys dated April 18, 2011, Mr. Matsiborchuk stated, in pertinent part:
> Since 2003, you have constantly ignored or rejected my client's requests for relevant documents.  *We hereby return your discovery requests and notices to you.*  Please be advised that in light of the Court's recent findings made in the US Airways bankruptcy case, *Ms. Holcombe opposes holding limited discovery and related hearings* with respect to her ADA claim in the Bankruptcy Court.

(emphasis added).

3

appear for a deposition on May 16, 2011. By separate orders, the court denied the motion to disqualify US Airways' attorney and the cross-motion to dismiss for lack of subject matter jurisdiction. Ms. Holcombe filed a motion for leave to appeal all three orders and unsuccessfully sought a stay pending appeal from the United States District Court.

After Ms. Holcombe failed to provide written discovery responses and failed to appear for her deposition, US Airways filed the present motion for sanctions.[3] In response, Ms. Holcombe filed on May 19, 2011, an affidavit requesting a stay of all proceedings until her motion to withdraw her claim could be heard. In the affidavit, she asserted that due to her "current health condition," she was unable to participate in any discovery proceedings, including the May 16th deposition. The balance of the affidavit was largely devoted to ad hominem attacks on the lawyers representing US Airways. On May 26, 2011, Ms. Holcombe filed an emergency motion to withdraw the reference with respect to her claim and transfer it to the Eastern District of New York, as well as an affidavit requesting a continuance of the hearing on the motion for sanctions. The affidavit stated that for health reasons she could not participate in the hearing, and that a stay was also appropriate based on her pending request to withdraw her claim without prejudice, her motion to withdraw the reference of her claim, and her motion for leave to appeal.

---

[3] Because the hearing on the motion to compel discovery was set for a date after the summary judgment deadline, US Airways also filed a motion for summary judgment predicated on Ms. Holcombe's failure to provide any discovery responses to support her claim.

Discussion

I.

Before reaching the sanctions motion, it is necessary to address the continuance request. The Fourth Circuit has held that a decision to grant or deny a motion for a continuance "lies within the sound discretion of the trial court," and has admonished that "while timely resolutions of disputes are important, there cannot be an 'unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for delay.'" *United States v. Colon*, 975 F.2d 128, 130 (4th Cir 1992) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).  Here, the grounds for the requested continuance are two-fold: first, the debtor's asserted inability, for health reasons, to participate in the hearing; and second, interests of judicial economy.  With respect to the latter, the court, by separate order, has denied Ms. Holcombe's request to stay all proceedings on the objection to her claim until the District Court rules on her interlocutory appeals and motion to withdraw the reference of her claim.  With respect to the claimed inability, on health grounds, to appear at the hearing, the court is unpersuaded.  The court has previously allowed her to appear by telephone, and, in any event, her legal position is amply set forth in the multitude of pleadings she has filed in her effort to avoid an adjudication by this court of the merits of her claim.  For that reason, the request for continuance will be denied.

II.

That leaves for consideration the motion for sanctions in the form of an order disallowing whatever remains of Ms. Holcombe's claim following the ruling by the Fourth Circuit.  Rule 37, Federal Rules of Civil Procedure, which in incorporated by Rule 7037, Federal Rules of

5

Bankruptcy Procedure, provides that if a party fails to obey an order to provide or permit discovery, the court may issue "further just orders" which may include the following relief:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii). Before a court may enter summary judgment or a default judgment as a sanction for discovery abuse, the court must consider (1) whether the non-complying party acted in bad faith, (2) the extent of prejudice to the non-complying party's opponent, (3) the need for deterrence, and (4) the effectiveness of less drastic sanctions. *Wilson v. Volkswagen of Am., Inc.* 561 F.2d 494, 503 (4th Cir. 1977); *Hillig v. Comm'r,* 916 F.2d 171, 174 (4th Cir. 1990).

The court has little difficulty in concluding that default judgment disallowing any remaining claim is fully justified. This is not a case in which a party has made at least some attempt to comply with discovery obligations, or was merely negligent in not complying. This is a case, rather, in which Ms. Holcombe, counseled by Mr. Matsiborchuk, has made a deliberate decision not to comply with this court's discovery order based on her assertion that this court lacks jurisdiction over her claim. That contention, however, is plainly frivolous. And there can be no question that US Airways is greatly prejudiced by the failure to comply. Simply put, US Airways cannot, as a practical matter, defend itself without information, which Ms. Holcombe is

in the best position to supply, as to what positions she believes she was qualified to fill, and when she applied for them. The need for deterrence, moreover, is very great. As noted, the court is not faced with neglect or sloth, but calculated disobedience. Although the debtor now suggests that health reasons precluded her from responding to the discovery or attending her deposition, neither her affidavit nor her physician's statement provides any specificity as to the nature, extent, or duration of her alleged incapacity. With respect to the written discovery, the many pages of pleadings she has filed in this court and the District Court challenging the present proceedings belie any inability to provide responses to the interrogatories and document requests. With respect to the deposition, Ms. Holcombe does not suggest any accommodation (for example, limiting the length of the deposition or taking it over several days) that might address whatever valid health concerns she may have. Most telling, however, is the fact that Mr. Matsiborchuk's letter makes no reference whatsoever to health issues. Both in her response to the motion to compel discovery and at the May 3, 2011, hearing at which she appeared telephonically, Ms. Holcombe made it clear that her opposition to discovery was not based on health concerns but her belief that the issues relating to her claim should be tried in New York, not here. Based on all the circumstances, the court cannot find that any sanction less severe than summary judgment dismissing the claims of the disobedient party would be effective. This is not a case in which the requested discovery relates only to a peripheral issue, such that a preclusion of evidence or finding against Ms. Holcombe on that issue would nevertheless leave other substantial claims for adjudication. Rather, the discovery which Ms. Holcombe has refused to provide goes to the heart of what remains of the claim following the Fourth Circuit's

remand. For that reason, the court determines that disallowance of the claim is the only appropriate sanction.[4]

A separate order will be entered consistent with this opinion.[5]

Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Fougere Holcombe
75-35 210 Street, 6D
Bayside, NY 11364

Douglas M. Foley, Esquire
McGuireWoods LLP
9000 World Trade Center
101 W. Main St.
Norfolk, VA 23510
Counsel for the reorganized debtor

Joseph A. Guzinski, Esquire
Assistant United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314

---

[4] To be clear, what is disallowed by this order is any claim based on events occurring prior to September 12, 2004, the date of the petition commencing this case. The reorganized debtor takes the position that any claim based on an event subsequent to that date but prior to confirmation of the plan in this case on September 16, 2005, has also been discharged, since Ms. Holcombe did not file a request for payment of an administrative request with respect to any such claim. The reorganized debtor is likely correct, but since the issue is not raised by the objection to claim, the court declines to enter an order going beyond the specific issue that is before the court on remand from the Fourth Circuit.

[5] Since resolution of Ms. Holcombe's claim is the last remaining matter in this chapter 11 case, the court will also grant the reorganized debtor's long-pending motion for an order closing the case.